Case 2:16-cv-00042   Document 9   Filed in TXSD on 05/27/16   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
May 27, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JORGE B BARTOLOMEI, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-42 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the Garza East Unit in Beeville, Bee County, Texas. Proceeding *pro se*, petitioner filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on January 11, 2016 (D.E. 1).[1] Petitioner claims that his right to due process was violated in a disciplinary hearing held at the McConnell Unit which resulted in the imposition of punishment and also complains that prison officials failed to protect him from assault by another inmate. Respondent filed a motion for summary judgment on March 21, 2016 (D.E. 8) to which Petitioner did not respond. As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Petitioner's application for

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on January 11, 2016 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

habeas corpus relief be denied. It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

Jurisdiction and venue are proper in this court because Petitioner is incarcerated in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving a two-year sentence for possession of marijuana (Mot. for Sum. Jmt., Ex. A; D.E. 8-2). He does not complain about his holding conviction, but challenges the results of a disciplinary hearing. He also claims TDCJ-CID officials failed to protect him from assault by another inmate.

In disciplinary case number 20160085171, Petitioner was accused and found guilty of engaging in a fight without a weapon with another offender by striking the offender several times in the upper body with closed fists. The fight resulted in injuries to both offenders that required first aid (DHR at p. 1; D.E. 7-1 at p. 3).[2] In the offense report, the officer stated that he was working and keeping an eye on another officer who was doing a cell search when he heard a noise. The officer looked up and saw the barber (also an inmate) and Petitioner engaged in a fight with closed fists. Other officers arrived and separated the offenders (DHR at 5; D.E. 7-1 at p. 7). During the investigation of the offense Petitioner said the barber messed up his hair because he did not want to cut it.

---

[2] "DHR" refers to the Disciplinary Hearing Record located at D.E. 7-1. "DGR" refers to the Disciplinary Grievance Record, located at D.E. 7-2.

Petitioner said that he did not hit the barber but did restrain him until officers arrived (DHR at 4; D.E. 7-1 at p. 6).

At the hearing, Petitioner stated that he went to get a haircut and the barber told him that it was "even haircuts"[3] and he wanted to charge a stamp to cut Petitioner's hair. Petitioner told everyone that the barber was charging for haircuts. The barber messed up Petitioner's hair on purpose and Petitioner reached for the clippers. The barber hit Petitioner in the head and Petitioner got up and "block swung" at the barber and then put him in a submissive hold (DHR at 2; D.E. 7-1 at p. 4). Petitioner's counsel substitute cross-examined the charging officer and another officer who broke up the fight. Both officers' views were partially obstructed but the second officer stated that he saw Petitioner strike the barber in the upper body with closed fists (DHR at 2-3; D.E. 7-1 at pp. 4-5).

Petitioner was found guilty based on the charging officer's report, the second officer's testimony that he saw Petitioner strike the barber in the upper body, and the injury report (DHR at 1; D.E. 7-1 at p. 3). Petitioner was punished with the loss of forty-five days of recreation, commissary and telephone privileges, ten days in solitary confinement, a reduction in line class from L1 to L3, and the loss of thirty days of good time (*Id.*)

Petitioner timely filed Step 1 and Step 2 grievances and was denied administrative relief. Petitioner filed the instant petition on January 11, 2016. In his application for

---

[3] It is unclear what "even haircuts" means, but it is presumed to refer to assigned inmate numbers and that the barber cuts the hair of even-numbered inmates on some days and odd-numbered inmates on other days.

habeas relief and the accompanying brief, Petitioner seems to be confused about the relief he seeks. He appears to attempt to state a claim that prison officials failed to protect him from assault by another inmate. However in his prayers for relief, he asks that the result of the disciplinary case be vacated and that his good conduct time and line class be restored (D.E. 1 at pp. 6-7; D.E. 2).

Respondent in his motion for summary judgment asserts that Petitioner received due process in the disciplinary hearing and also that he cannot assert a civil rights claim in this habeas action. Respondent concedes that Petitioner's application is timely, not second or successive, and that he exhausted his administrative remedies.

## APPLICABLE LAW

**A. Due Process Rights**

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. In *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), the U.S. Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539, 94 (1974)] and [*Meachum v. Fano*, 427 U.S. 215 (1976)]. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. (internal citations omitted). The Supreme Court held in *Sandin* that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. *Id.*

1. **Loss of Line Class**

To the extent petitioner is complaining about a reduction in line class, he fails to state a basis of relief. Generally, a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on his eligibility for parole and in turn, on the amount of time he is in custody. Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995)(*citing Meachum v. Fano*, 427 U.S. 215, 229, n. 8 (1976)). "'Prisoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). *See also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000)(holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating). Thus, Petitioner cannot make out a habeas corpus claim based on his reduction in line class.

### 2. Loss of Good Time

Petitioner lost 30 days of good time. In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)(citing Tex. Code Crim. P. Ann. art. 42.18 § 2(2)[4]). Prisoners earn good time credits which are added to their actual days served in prison to calculate their release date. Tex. Gov't Code Ann. §508.147 (Vernon 2012). The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time credit. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007).

Petitioner in this case is eligible for release to mandatory supervision (Ex. A to Mot. for Sum. Jmt., D.E. 8-2). Therefore he has a liberty interest in his good time credits and they can only be taken from him in a manner that comports with due process. The Supreme Court described the process due a prisoner accused of a disciplinary infraction in *Wolff*, 418 U.S. at 564: (1) He must receive written notice of the charges; (2) He must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals and (3) There must be a written statement by the fact finder as to the evidence relied on and reasons for the decision.

---

[4] Currently located at Tex. Gov't Code Ann. §§ 508.001(5), 508.147.

Petitioner received written notice of the charges against him and a written statement setting out the evidence relied upon by the hearing officer. Petitioner asked to question an officer about whether the officer remembered Petitioner telling him that the barber was charging for haircuts but the request was denied because it was deemed irrelevant to the proceeding. Petitioner was allowed to ask the officers about where they were when the fight began and whether they had a full view of the altercation.

Based on the record, Petitioner received due process at his disciplinary hearing. Accordingly, it is recommended that summary judgment be entered for Respondent on Petitioner's habeas claim.

**B. Other Cause of Action**

Petitioner also claims that his Eighth Amendment right to be free of cruel and unusual punishment was violated when TDCJ-CID officials failed to protect him from the barber's assault. Respondent argues that Petitioner should bring this claim in a § 1983 action rather than this habeas action because resolution of the claim in Petitioner's favor would not necessarily result in a shorter sentence or release from custody. Respondent is correct. A prisoner must bring a habeas corpus action if success would necessarily demonstrate the invalidity of his confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). But when an inmate challenges conditions of confinement, the claim is cognizable under § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Because Petitioner's Eighth Amendment claim is a challenge to his conditions of confinement, it should be dismissed without prejudice for refiling in the proper manner.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his habeas corpus cause of action be dismissed on the merits. If the district court orders that Petitioner's cause of action be dismissed and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it debatable that Petitioner did not suffer the loss of a liberty interest during his disciplinary hearing.

## RECOMMENDATION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (D.E. 8) be GRANTED and Petitioner's cause of action for habeas corpus relief be DENIED. It also is recommended that Petitioner's Eighth Amendment cause of action be dismissed without prejudice because it is not properly brought in this habeas action. It is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 27th day of May, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).